Friday, October 7, 2015.

THE COURTROOM DEPUTY: United States versus Jamal Adams.

THE COURT: Okay folks. Welcome back. We have a note from the jury. Let me just you read it into the record. I think you've been given a copy.

All right. I understand you have not been but let me read it for you. It is a little bit lengthy but I think fairly clear.

"Question on Count I. The opening paragraph includes three "means" by which the defendant corruptly endeavored to obstruct and impede the Internal Revenue laws namely (A) false W4s, (B) false documents to Bankruptcy Court, and (C) false tax returns. Our question is, do we need to find that all of A, B and C each meet each of the three elements of the count to find him guilty? That is, if we find the defendant guilty of A, but not guilty of B, and not guilty of C, must we find the defendant not guilty of Count I, or do we find him guilty of Count I because we found him guilty of A?"

I think the answer is pretty clear that the government doesn't need to prove that he has committed all of the offenses here. So I would propose --

Let me propose a response to them, then I will hear from you folks momentarily.

(There was a pause in the proceedings.)

THE COURT: I would propose answering something along the lines of, the government must prove beyond a reasonable doubt all three elements of Count I. But the government need not prove all three of the means listed.

The defense's position on that?

MR. GARDNER: Your Honor, I agree with your premise. My concern is --

Court's indulgence for one second.

THE COURT: Sure.

MR. GARDNER: Defense's position is they need to be, even though they can find one, two or three, that they don't need to find one, two and three. The defense's position is they need to be unanimous on whether it is one, two or three.

THE COURT: I'm not sure that's correct, but they seem to indicate -- I mean, let me propose something else. Then I'll hear from the government because it seems they're not -- there is no issue on unanimity within means. It's just whether they need to agree on all the means.

MR. GARDNER: That's true.

THE COURT: But I could say, how about if I said: The government must prove beyond a reasonable doubt all three elements of Count I, but the government need not prove all three of the means listed as long as you all agree on one of the means?

MR. GARDNER: I think that's exactly right, Your Honor.

THE COURT: All right.

Government?

MS. SISKIND: There is actually a case on point on that issue. I don't have the name. But if your clerk searches 7212(a) and specific unanimity, it should be the first case that comes up. It was a case where a judge sua sponte gave an instruction.

THE COURT: That's Williams from the 10th circuit.

MS. SISKIND: Yes, Your Honor.

THE COURT: It says you don't need a unanimity instruction.

MS. SISKIND: Yes, Your Honor.

THE COURT: So the question though, obviously that's not a D.C. Circuit case. And the defense never requested unanimity instruction in the jury instructions, and maybe, therefore, if they don't get one -- if I give the instruction I was prepared to give, that they have waived it.

But if the Court of Appeals finds they have not waived it and they find there is unanimity required in this circuit, then you could lose. So the question tactically is, since the jury does not indicate there is any dissent within a means, maybe you are better off with this instruction protectively than an argument that down the road is accepted

by the Court of Appeals.

MS. SISKIND: May I confer with Mr. McLellan?

(There was a pause in the proceedings.)

MS. SISKIND: Your Honor, we're going to object to a specific unanimity instruction. It wasn't proposed initially by the defense, even though there is nothing on point in the D.C. Circuit, the one case, the only case I've ever located on this issue finds it is not a necessary instruction. And that it impermissibly expands the government's burden in this case. As long as the jury finds each of the three elements beyond a reasonable doubt unanimously, that is sufficient. Unanimity as to means is not required for the statute.

THE COURT: That's what this case says, Mr. Gardner, actually I looked at the case before the jury instructions came up, in the event that somebody raised the unanimity question. And that case, actually the District Court Judge there sua sponte gave the unanimity instruction. The defense, on appeal, the defense objected to that. The Court of Appeals said, it was error to give it. But how are you prejudiced? This helped you. So, it affirmed the conviction. But the point is, that the Court of Appeals did say on this specific code section, it was error to give a unanimity instruction.

MR. GARDNER: I actually did see that Williams case, it was in the instructions. But I agree with Ms. Siskind

that that was the only case I could find from any circuit court. As you pointed out, it was not binding precedent from the Supreme Court or this circuit. So we don't know what the Supreme Court will say, if it ever gets there, which right now it doesn't appear on the path right now.

THE COURT: I'm not going to give it because that is the law, you know, Williams has directly -- the Court of Appeals looked at this directly, has determined this -- it made sense to me when I read the case. The government may be taking a bit of a risk and maybe they're giving you an appellate issue. But my job can't be to protect myself. It has to be to follow what I believe the law is and it appears to me it is not unanimity on this count.

MR. GARDNER: We understand, Your Honor.

THE COURT: Okay. So any objection beyond that to what I've proposed? Let me read I again for you.

The government must prove beyond a reasonable doubt all three elements of Count I. But the government need not prove all three of the means listed.

MR. GARDNER: No, Your Honor.

THE COURT: Any objection by the government to that proposed instruction?

MS. SISKIND: No, Your Honor.

THE COURT: I'm sorry, let me just state for the record, and I was -- Williams must have been another case.

Williams is not the case in which this came up. Let me give you the cite for this case. I apologize to everybody. Williams dealt with this code section and also it is a 10th Circuit case. But it was not on the unanimity issue. So I apologize for the mix up. The case is U.S. v. Sorensen, S-o-r-e-n-s-e-n. I'll give you the Westlaw cite, it's a 2015 case, 2015 WL 5315645, 10th circuit, just for everybody's edification.

Okay, let's bring the jury in and I'll give them the instruction.

(Jury Present)

THE COURT: Okay, folks. Thanks for your note. I got it. Let me read it again to remind you folks what it was.

The question on Count I, the opening paragraph includes three means by which the defendant corruptly endeavored to obstruct and impede the Internal Revenue laws namely (A) false W4s, (B) false documents to Bankruptcy Court and (C) false tax returns. Our question is do we need to find that all of A, B and C each meet each of the three elements of the count to find him guilty.

That is, if we find the defendant guilty of A, but not guilty of B, and not guilty of C, must we find the defendant not guilty of Count I? Or do we find him guilty of Count I because we found him guilty of A?

First of all, let me just compliment you on the clarity of your question. Having tried hundreds of jury cases, I can tell you that I've received many impenetrable notes from the jury. So, thank you for the clarity of the question.

I don't know if my answer will be as clear. I hope it will. But here is my answer. The government must prove beyond a reasonable doubt all three elements of Count I. But the government need not prove all three of the means listed. You may continue your deliberations.

(Jury Out)